and John Sanner v. John Sanner Mr. Penn, I muted too soon. Can you hear me, your honor? I can, yep. Good. Is it okay if I proceed, your honor? Okay, thank you. Your honors, Michael Patton on behalf of the appellants Arita and Dan Rassier in this matter. This is before the court on a motion for summary judgment of the defendants that was granted by Judge Donovan Frank in Minnesota. And we are now before you with some legal issues that were relevant to the summary judgment motion. The essence of the legal issues, your honor, is that we claim that the district court erred by holding there were no genuine issues of material fact as to when Dan Rassier knew he had a complete and present cause of action and could commence a lawsuit. And then the second issue that we raise is the issue of equitable estoppel that we feel that in the event the first issue is not resolved favorably for the plaintiffs that the concept of equitable tolling would apply. So that's really the main issues that we present. In terms of the factual background of the case, your honors, this is the underlying fact situation concerns a crime that became, I think, clearly the highest profile criminal case in the history of the state of Minnesota concerned the abduction, sexual assault and murder of a boy named Jacob Wetterling on October 22nd, 1989. The case went unsolved for many years. Counselor, let's get to the legal issues. And first of all, do you agree? And I think the Wallace case, the Supreme Court clearly held that federal law governs the accrual of the cause of action. Your first issue. State law governs the second totally. And with respect to the first, Wallace says discovery, the discovery principle that most lawyers are familiar with at some point in time, discovery versus when the tort occurred. Whether the discovery principle applies depends upon the tort that's being asserted. Now, you simply assert here that the discovery principle applies. I don't see any citation of authority with respect to First Amendment retaliation. And the Seventh Circuit has clearly held to the contrary. It is said that a cause of action for First Amendment retaliation occurs when the act occurs. And so all of your to me, all of your all of your all of your argument about when he learned and what he learned and what he needed to know in order to have a winning claim. That's by the boards. As a matter of federal law, it may be relevant to tolling, but it isn't relevant to accrual. What's wrong with my analysis? Well, you're out of the Wallace V. Cato case stands for the proposition of when the plaintiff knew he has a complete and present cause of action. So I think that would be the law. That would be that. That's a that's a non that's a non substantive description of the general rule. The court goes on at great length to say, and there there you have the heck, the heck habeas dilemma. And so the accrual issue was very difficult, but it wasn't because of a general. The general cause of action accrues when the defendant knew or should have known it. He or she had a cause of action. That's the discovery rule that you want us to apply here. And they said that that turns on the cause of action. And you've got to look at the cause of action. And the Seventh Circuit has my now. I don't know that the Eighth Circuit has. You don't say anybody on this point. Well, you cite a general. You cite a general statement in Wallace, which sounds like the historic discovery rule. We learned about in law school as establishing what the account was, what governs the accrual issue here. And that simply is walks all over the analysis in Wallace. And ignores the Seventh Circuit's holding that that this your client admitted that the retaliation occurred when when he was said, that's what that's what happens when you talk. If not from the execution of the warrant itself. So the Seventh Circuit's definition of what matters for a rule is easy here. Your Honor, but I don't think you can ignore the federal rules of civil procedure when you commence a lawsuit. You know, I'm forced to, I think, address a federal civil procedure. Eleven circuit after circuit has determined that a plaintiff cannot commence a lawsuit based on suspicion alone. So the notion that he thought he was being retaliated against in July of 2010 was was I would submit not even close to enough to be able to proceed with a lawsuit. Let me ask it to you a different way. Are you familiar with the I think it's Geekus case of the Seventh Circuit 2016? I think I have read that previously. OK, why? Why isn't that right? When it says that statute of limitations begins to run a retaliation right after the retaliatory act. Period. Well, but I'm not I don't think one can conclude that that statement to the plaintiff was was the retaliatory act. In fact, Sheriff Sander specifically said that that was not your client testified. That's what what he thought was the retaliation. Well, he thought it might be. He had suspicion that that could be retaliation, Your Honor. But he said a lot of things in that regard. And he felt that at that time he testified to this under oath in his deposition that he felt at that time that he wasn't in a position to be able to commence with a complaint against anyone. And the information they possessed at that time in his mind was was in the category. And I quote, nothing. So he was named a person of interest, too, at that very same time. Right. He was around that time. Yes. Yes, he was, Your Honor. Well, what when do you think the claim accrued then once you were able to gather enough evidence to win your case? Is that the rule? Or when do you think it accrued? No, no. When when the at the time that the actual perpetrator, Heinrich, pled guilty in September of 2016. At that time, Your Honor, there were search warrants that were disclosed to the public at that time. I would submit at that time that that there would have been substantive evidence to support his case because it was clear at that time. At least, yes. The standard that leads us to that point in time, you say there was substantive evidence to support a claim. Is that the standard we should apply? The claim accrues when there is substantive evidence to support a retaliation claim or what? How would you articulate the standard? Well, Wallace v. I respectfully, I believe Wallace v. Cato is applicable even to a retaliation claim, a complete and present cause of action. But Rule 11, I think, makes it clear that, I mean, no lawyer, I think, can ethically commence a case based on suspicion alone. And all that Mr. Rassier had at that time, Your Honors, was suspicion, was just suspicion. That's not enough, I would submit under federal law. So you think standard is whenever the plaintiff has enough evidence to get beyond Rule 11 that the claim accrues? I don't think one could ignore Rule 11, that the plaintiff possessing information that's in the category of suspicion, which is what it was, I don't think that it's feasible under, look, they weren't going to give up that case file until they had a conviction. In fact, we commenced this lawsuit in 2017. We weren't able to actually secure the case file until 2018 when the sheriff at the time had a big press conference, and at that time they had completed all of their redactions. Just don't want you, my questions aren't designed to argue with you about how good a case you had or when you got it. I'm trying to understand for real what is the standard that you think should govern here? Are you really saying that the standard is the claim accrues once the person has enough evidence to get beyond Rule 11? Yes. That's the standard? All right. Is there any authority for that? I apologize, Your Honor. I didn't mean to interrupt you. Go ahead. That's the standard. Would we be the first court to draw the line at sufficient evidence to get past Rule 11? Is there any authority that would help us with that? It's an honest question. I'm trying to understand where we would draw the line here. Yes. I think that, sure, you cannot commence a lawsuit based on suspicion alone. All that Mr. Rassier would have had in July of 2010 was suspicion. I know that. I know that's the position, but is there authority that says the statute of limitations does not accrue until a person has enough evidence to support a lawsuit? I would just have to refer to my brief, Your Honor, and have to check the case law I cited in my brief. Your brief doesn't cite any cases. Other than the Wallace v. Cato case. Right. That states the general. On the issue of accrual, that a plaintiff has to have a complete and present cause of action before he or she can commence a lawsuit. What does that mean, to have a cause of action? Do you have to have the ability to prove it up? Yes. You have to have evidence. You can't have mere suspicion. You have to have evidence to support your claims. That's the way I would interpret that. Well, generally, counsel, isn't it, and this is for the Wallace case, isn't it sort of what I would call the fact of damage when there's some damage, even though you don't know how much? Your Honor, I guess I don't mean to be redundant, but here's a man who has, the authorities are coming after him and they're executing a search warrant on his farm. You have a sheriff that makes a statement like that. I don't see how in a situation like that, the plaintiff doesn't know if they have substantive evidence to support what they're doing in terms of their investigation. I mean, they could have a confidential informant. They could have some kind of substantive evidence that he's a viable suspect. What we ultimately found out, I would submit, was that there was no viable evidence, but he wasn't in a position to know that until he secured the search warrants in 2016, which of course was bolstered by the fact that he was able to get the entire case file in 2018. This case presents, I would suggest, a very unique fact situation, one in which the authorities were not going to give, I mean, he even tried to get information. They weren't going to give him any information of substance, and he testified in his deposition that from his perspective, he may have thought it was retaliation, but he didn't feel he had any substantive information that would have supported the commencement of a lawsuit. In fact, I think if he did support, if he did commence a lawsuit at that time, I think it's entirely reasonable to predict that the case would have been kicked out and dismissed because he didn't have any evidence to support his suspicions. In your complaint, though, you do say falsely accusing him of being a person of interest. Correct. Boy, it looks like you're saying it happened in July 2010 when he was falsely accused of being a person of interest. Well, right, but that was based on information we had obtained. We started the lawsuit in 2017. That was information we had obtained based on search warrants in 2016. The defendants would have been in a position to know that they were falsely accusing him of being a person of interest. Rassier would not have been in a position to have known that, I would submit. He didn't know what information they possessed at the time. If he knew he was innocent, would that be to get by Rule 11 and file a lawsuit and then get discovery, which would lead you to these search warrants and so forth? I don't think that would get him by Rule 11, Your Honor, respectfully. I just don't think, I don't think that would do it. I mean, I think the federal law is clear that you can't file a lawsuit based on suspicion alone. And this is, of course, a point we made when the judge granted the motion. I think federal law could not be less clear on that. What's that, Your Honor? I think federal law could not be less clear on that proposition, on your last assertion. Yeah, well, we seek clarity with this litigation. Well, Rule 11 has been a roller coaster in its life. Oh, I hear you, Judge. But I just, I mean, under these facts, I just don't know. If you look at this case, the specific facts of this case, I don't know how Dan Rassier would have been in a position to start a lawsuit in July of 2010 that... Because he had the injury. He was getting the bad publicity for what he believed was without cause or reason and just being, just malice for what he had told Patty Wetterling. Well, let me close with this, though. That's a First Amendment retaliation claim. It may not hold up. Now, what happened, what he learned later may have given rise to other claims. I don't know. Let me say this, though. How is he to prove that he's not the perpetrator unless he has the case file, which has substantive evidence to show who the real perpetrator is? Sue would see if you can get it. I don't think they would have given it up, Your Honor, because of the fact that the case... They would have if the court had ordered it. Potentially. I think my time is up, Your Honors. Thank you. Very good. Hively. Thank you, Your Honor. May it please the court. My name is Jason Hively, and I represent the appellees in this case, which would be the Stearns County defendants. What we're asking is for the court to affirm the district court decision. The district court correctly determined that Apollon's claims accrued in July of 2010, and the lawsuit was not filed until March of 2017. I want to address a couple of the things that Mr. Padden had mentioned. He talked about the Wallace case and that under his view, that Rule 11 should apply. Just in our brief, we talked about not only the Wallace case, but also the Gekas case. It's very clear that the statute of limitations clock begins to run on First Amendment retaliation claims immediately after the retaliatory act occurred. I noted that there was this discussion that... I'm sorry, Your Honor, it looks like you're muted. Has any court other than the Seventh Circuit clearly held that? I haven't seen anything, Judge, other than we've got the Seventh Circuit case, but we also have the Eighth Circuit. Okay, but that's not controlling precedent, so don't treat it like this is an open and shut issue. No, Your Honor, in the Union Pacific Railroad case versus Beckham, that's a 1998 Eighth Circuit case. The court talked about how a plaintiff's cause of action accrues when he discovers, or with due diligence, should have discovered the injury that is the basis of the litigation. And I think that that's very clear to explain that what we're talking about here is... Was that a personal injury claim? A railroad negligence claim? Because you just stated the classic discovery rule, which counsel is urging here. So what we're trying to point out, Your Honor, is that in that particular case, when the discovery rule was applied, that was not in a personal injury capacity. And if Congress says otherwise, and that's what we're talking about when we're talking specifically about the application of the occurrence rule, that's when we're citing to the Geckas case. And we don't have anything else in the Eighth Circuit that says otherwise. But we do have, when we're dealing with whether it's the accrual analysis, when we're talking about the First Amendment retaliation, we can look at the state law and view Graham County versus Soil and Water Conservation. And that's the U.S. Supreme Court case that talks about when there is the accrual, and it's when the retaliatory action occurs. And I think perhaps that's as close as we can get, but from our view, there isn't any... Even if we were looking at the discovery rule, there hasn't been any evidence that was offered that anything else was discovered. And that's what Mr. Patton has been talking about, that there's this suspicion, and if they had the case file, and if they had... I was just looking at the case file from the Sheriff Don Goodmanson's press conference. That actually occurred a year and a half after the lawsuit was filed. So when they're pointing to these different events in history that they're citing as things they needed in order to bring their case, they haven't demonstrated that anything from those events would actually support their case. So for example, the search warrants that were executed back in 2010. Yes, when those were released in 2016, there was a request from Mr. Rassier for certain items, and he was presenting this as a request that could perhaps support his case. But he was requesting a family heirloom box and several tons of topsoil that had been taken from his farm during the execution of the search warrant. There is no connection between those items to his injury or to his case. So and furthermore, when we're talking about whether or not this was a suspicion or whether it was clear, in fact, crystal clear, that there was retaliation back on July 1st. I think that just to clarify on page 15 of the appellant's brief, there's a claim that in reference to our argument that it was crystal clear, and I'll cite to that in a second. But there's a there's a discussion during Mr. Rassier's deposition, and we're looking at the appellant's appendix 197, where the quote is included that I would never have called it retaliation. That's confusing because that was in response to a question about his 2004 interview with Fox News. He was being asked back in 2004 by the reporter about his involvement. He indicated that he believed he was being called a suspect. And then there was a story that was being run later during the broadcast that was discussing current suspects. But when we fast forward then to what the actual testimony was from Mr. Rassier, he was asked on page 196 of appellant's appendix, very specifically, can you think of any specific date that you would have said I am certain now that that's when I'm being retaliated against? And he said July 1st, 2010. There was even a couple of follow up questions, and he said, I was certain. And then on he was asked the question, you were certain on July 1st, 2010, and he said yes. So in that discussion, when we're talking specifically about the evidence, Mr. Rassier made it clear that this was not a suspicion. He made it very clear that the retaliation, and we're looking not at additional discovery, as was pointed out, that's something that can happen after the lawsuit is filed. But we're specifically looking at when was the injury. And this injury was, as the district court made clear, the injury in this case occurred when he claims that he was labeled a person of interest in retaliation for making comments critical to the investigation. That issue did not hinge on anything that they learned from the search warrants. It didn't hinge on anything that they learned when Danny Heinrich confessed to the kidnapping and murder of Jacob Wetterling. There's no citation to anything in that confession in the appellant's brief that would support the retaliation argument. There's nothing in the search warrants documents, and there's nothing in. Sure. Counsel, this isn't an appeal from summary judgment. You're just talking merits that don't have anything to do with the issues on appeal, I don't think. Let me turn to tolling a minute. Absolutely. Can you tell me whether as a matter of Minnesota law, which is governing on the tolling question, equitable tolling, the doctrine from the courts of equity, is a question for the court or the jury? And does the court decide it as a matter of law? It is, in fact, a decision for the court. It's not a question for the jury. This is a decision that as the district court made, it's a it's again, this then looks at what minutes, what Supreme Court of Minnesota case will will comfort me on that. The city of North Oaks versus Sarpel case talks about how the decision to equitably toll the statute of limitations is reviewed for an abuse of discretion. When we're when we're evaluating is also the in this court, your honor, the General Motors Corporation versus Harry Brown's case is a 2009 8th Circuit case. When we're talking about the statute of limitations and review of the equitable determinations, the district court is entitled to review what evidence there is related to the equitable tolling because it's a review of whether there there was some diligence or something that was interfering with Mr. Rassier's ability to file his lawsuit. And the court reviewed all of the evidence. And even if this court was to review that as well, it's very clear that Mr. Rassier was not diligent in his attempt to file this case or to discuss more information. Is that an issue of fact or law? So it's two things, your honor. First of all, the question of whether what the facts say is what the district court is able to review. The district court is able to review the facts to decide if there should be equitable tolling. Wait, wait, wait, wait. You just lawyers don't like to talk to us about standard review is the ultimate decision. He was he was not diligent. Is that a conclusion of law or a finding effect? It's a conclusion of law, your honor, that that's reviewed. They know that it's this. This is a review for an abuse of discretion. Well, a pair of law is always an abuse of discretion. I'm sorry, your honor. One of the definitions of abuse of discretion is a trial court made an error of law. Yes. But in this particular case, your honor, when we're talking about equitable tolling, there is not. There cannot be a substitute of the evidence of the weighing of this court's own evidence. So if this court determines that. If it's a finding of fact, that could be. I mean, sure. The background evidence is there. And then somebody gets asked, was that mean? Does that mean insufficient diligence? And the district court says yes. And it's not a question for the jury. It's a question for the court. And now we have to review the yes. Correct. Is the yes a finding of fact like drug quantity in a federal criminal sentencing? Or is it a conclusion of law that we reviewed a novel because of the court's wrong? It abused its discretion. Your honor, I believe it's a. That's not a question. It's governed by Minnesota law. Yes, your honor. And you haven't answered it. Maybe there isn't an answer. Is there an answer in Minnesota law? Your honor, I think just looking at when we cited to the city of North Oaks v. Sarpel case, it is just simply an abuse of discretion. And that's everything that we have in our brief. That fits in the universe of cases where courts don't address this question. So it's wide open. Your honor, I think. Negligence seems like a legal conclusion, but it's historically a finding of fact. So just saying, well, OK, diligence. Is that law or fact? So, your honor, my understanding of how the district court evaluates this is just to step through our understanding of this is that the district court is looking at the facts of whether there's diligence. But then once the district court makes that determination, then your honors would be reviewing to see if there was an error in the way that the district court applied the law. And what they're looking at is what does the evidence say about specifically was he diligent? And the district court made it clear that that the judge did not believe that there was diligence. And particularly because there was there was specifically no additional evidence offered, not only to support any diligence, but to demonstrate that there was anything that prevented Mr. Rassier from from pursuing this claim. I thought his theory was that he couldn't pursue the claim until he had evidence from the state's own investigative file, which is what would show that he was not really a legitimate person of interest because they didn't have evidence against him. And so the theory I thought was he couldn't have done anything to get that. So there's no diligence problem. And the state was actively withholding the file. If that's the theory for tolling, could you address it? So if, your honor, are we talking about this next, the notion of the fraudulent concealment or just strictly within the confines of the equitable tolling? Well, they're related. Isn't fraudulent concealment a subset of equitable tolling? So to address that, your honor, what I would say is that it's as I believe your honor had pointed this out earlier, if the cause of action had been filed, the lawsuit had been filed, Mr. Rassier was entitled to seek these kinds of records through discovery. And as Judge Loken indicated, that's that a court could have ordered. There's a requirement for the plaintiff and whoever is counsel is to be able to obtain these records. And those are the steps they could have gone through in order to obtain these records. We haven't seen that there's anything even in that case file that would have supported his actual cause of action and injury, which is the retaliation claim. So, yes, there is information in the investigation that perhaps would have shown that Mr. Rassier was not the suspect. But Mr. Rassier himself knew that he was not a suspect. There was never any doubt in his mind that he did not do this. So for him to indicate that he needed to see additional evidence regarding that question, it ignores the fact that his initial cause of action, his initial claim, and the one that's on appeal is whether he was labeled a person of interest in retaliation for something that he said to Patty Wetterling. That's what the cause of action is. And he made it very clear, in fact, crystal clear, that that was July 1st of 2010 that he knew that. All right. One more legal question. Is there any case after Sanchez from Minnesota that discusses whether the state of Minnesota recognizes equitable tolling, at least as described by the U.S. Supreme Court in Holland? Because Sanchez says we've got our own standard for statute of limitations. And then they seem to say even if we were to apply Holland, this particular person would lose. I'm just wondering if there's anything else from Minnesota that we should be looking at to see what the standard is under Minnesota law. I'm not seeing anything else, Your Honor, other than the Holland test and how that would be applied. Well, the question is whether Minnesota has really ever adopted the Holland test. I think, first of all, there is no other test to look at. I'm not certain that it's been adopted per se, but it's certainly the only thing that we can look at. Let's cut him at it this way. Are you aware of Minnesota Court of Appeals decisions in the wake of Sanchez which have applied the Holland test? I don't have anything, Your Honor, at my fingertips on that specific issue. All right. I don't know what you mean when you say Holland's the only thing to look at because Sanchez itself says we've used a high standard and they cite Minnesota cases that are not Holland cases. So that would be the other thing to look at. Yes, Your Honor. All right. Thank you. That was my last question. Very good. Is there rebuttal time? Doesn't look like it. I think... Pardon? I had asked for five minutes of rebuttal time, Your Honor, I believe. I don't see any showing. Is this the... I specifically emailed someone. Well, that's all right. Counsel has used his rebuttal time. All right. Very good. The case has been thoroughly briefed and argued and we'll take it under advisement.